IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANDREY MATVEYCHUK, | : | CIVIL ACTION NO. |
| | : | 1:15-CV-0448-AT-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NATIONSTAR MORTGAGE, LLC, | : | **FINAL REPORT AND** |
| and RUBIN LUBLIN, LLC, | : | **RECOMMENDATION ON A** |
| | : | **MOTION TO REMAND** |
| Defendants. | : | |

Plaintiff Andrey Matveychuk, proceeding *pro se*, originally filed this action in the Superior Court of Gwinnett County on January 13, 2015. On February 13, 2015, Defendant Nationstar Mortgage, LLC ("Nationstar"), with the consent of Defendant Rublin, Lublin, LLC ("Rubin Lublin"), removed the action to this Court. *See* Notice of Removal [1]. Plaintiff alleges that Defendants conducted a non-judicial foreclosure on his property, and that they failed to comply with Georgia law in conducting that foreclosure. *See* Compl. [1-1], attached to Notice of Removal.

The action is now before the Court on Defendant Rubin Lublin's Motion to Dismiss [4], Defendant Nationstar's Motion to Dismiss [7] (collectively "Motions to Dismiss"), Plaintiff's Motion to Remand [9], and Plaintiff's Emergency *Ex Parte* Motion to Stay [12]. For the reasons set forth below, the undersigned **RECOMMENDS** that Plaintiff's Motion to Remand [9] be **GRANTED**, and that this

action be **REMANDED** to the Superior Court of Gwinnett County. Because the undersigned is recommending that the case be remanded, the undersigned **RECOMMENDS** that Defendant Rubin Lublin's Motion to Dismiss [4], Defendant Nationstar's Motion to Dismiss [7], and Plaintiff's Emergency *Ex Parte* Motion to Stay [12] remain pending so that they may be resolved by the Superior Court.

## I.       BACKGROUND

Plaintiff initially filed a "Complaint for Damages" [1-1] ("Complaint") in the Superior Court of Gwinnett County. In the Complaint, Plaintiff states that he "brings this Complaint for General, Statutory and Punitive Damages for Wrongful Foreclosure, Breach of Contract, Breach of the Duty of Good Faith and Fair Dealing, Attorney Fees and Cost, and violation of the Georgia Racketeer Influenced and Corrupt Organizations Act (RICO)." Compl. [1-1] at 1. He alleges that the "subject real property" is located at 126-128 Forest PL, Lawrenceville, Georgia 30046 (the "Property"), and that he acquired the Property through a Warranty Deed on November 19, 2004. *Id.* at ¶¶ 7-8. He further alleges that, on November 19, 2004, he executed a Security Deed to Mortgage Electronic Systems Inc. ("MERS"), as nominee for Primary Capital Advisors, L.L.C., and that the Security Deed was later assigned from MERS to Aurora Loan Services L.L.C. ("Aurora"), and then was assigned from Aurora to Nationstar. *Id.* at ¶¶ 9-11.

Plaintiff alleges that, on an unspecified date, the "Defendants" sent him a Notice of Acceleration, demanding that the entire balance of the debt be paid immediately, and then advertised the Notice of Foreclosure sale of the Property to occur on the first Tuesday in February of 2014. *Id.* at ¶¶ 12-13. He claims that, on an unspecified date, "Defendant, RUBIN" mailed a Notice of Foreclosure Sale to him, and that the "notice did not comply with Georgia law." *Id.* at ¶ 14. He further alleges that "Defendant, RUBIN, advertising the subject property failed to satisfy the mandatory statutory requirements set forth pursuant to O.C.G.A. § 44-14-162.2 as it did not include the entity who had the full authority to negotiate, amend, and modify all terms of the mortgage with the Plaintiffs [sic]," and that the "[f]ailure to comply with the mandatory statutory requirements rendered the non-judicial foreclosure premature and invalid." *Id.* at ¶ 15. Plaintiff claims that "Defendants initiated a non-judicial foreclosure of Plaintiffs' [sic] property without proper acceleration of the indebtedness as required by paragraph 22 of the Security Agreement." *Id.* at ¶ 18.

In the Complaint, Plaintiff has asserted five "claims for relief" against both Defendants Nationstar and Rubin Lublin. *Id.* at ¶¶ 20-54. In the First Claim for Relief, he claims that the "Defendants unlawfully interfered with the property rights of the Plaintiff," and that, "[i]n trespassing upon plaintiff's property, the defendants are

guilty of wanton, conscious and intentional disregard of the rights of plaintiff." *Id.* at ¶¶ 22, 27.

In the Second Claim for Relief, he claims that the "Defendants committed the predicate offense, violative of the Georgia RICO Act; Theft in violation of O.C.G.A.§ 16-8-2 through 16-8-4 by unlawfully appropriating plaintiff's property with the intention of depriving plaintiff of said property." *Id.* at ¶ 30.

In the Third Claim for Relief, he claims that the "Defendants . . . placed Plaintiff in a false light before the eyes of others, including potential credit grantors and creditors as well as family, friends and the general public," and that "[b]y such publishing and circulating untrue and derogatory statements concerning the plaintiff/borrower's financial condition Defendants exposed the Plaintiff/borrower to public hatred, contempt or ridicule." *Id.* at ¶¶ 39-40.

In the Fourth Claim for Relief, he claims that the "Defendants" "ignored the Plaintiff concerning errors in the published advertisement and repeated statements from the inaccuracies in the real estate records and thereafter foreclosed on the property," and "failed to conduct the foreclosure of the Plaintiffs [sic] Property in good faith." *Id.* at ¶ 44.

Finally, in the Fifth Claim for Relief, Plaintiff claims that the "Defendant's [sic] breached its [sic] contractual relationship with Plaintiff's [sic] by failing to conduct

4

the foreclosure of the Property fairly." *Id.* at ¶ 50. He claims that "Defendants failed to satisfy the contractual requirements to provide notice before exercising the power of sale," and that "Defendant's [sic], repeated breaches of contract have cause [sic] Plaintiff to be damaged." *Id.* at ¶¶ 51-52.

On February 20, 2015, Defendant Rubin Lublin filed a Motion to Dismiss [4], and Defendant Nationstar filed a Motion to Dismiss [7]. Both Defendants argue in their Motions to Dismiss that the claims asserted in the Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that the Plaintiff has failed to state a plausible claim for relief under any of the legal theories presented in the Complaint. On March 13, 2015, Plaintiff filed a Motion to Remand [9], arguing that the case should be remanded back to the Superior Court of Gwinnett County because Defendant Rubin Lublin is a citizen of this state, and thus, complete diversity does not exist and the removal of the action to this Court was improper. Plaintiff also requests "reasonable attorney's/legal fees and costs incurred in conjunction with preparing the Motion to Remand." Pl. Mot. [9] at 2. On April 16, 2015, Plaintiff also filed an "Emergency *Ex Parte* Motion to Stay" [12], requesting a stay of 180 days, on the ground that he has "sustained irreparable and devastating outcomes stemming from abandonment of counsel." Pl. Mot. [12] at 1.

## II.    DISCUSSION

### A.    PLAINTIFF'S MOTION TO REMAND

Plaintiff has filed a Motion to Remand [9], arguing that the case should be remanded to the Superior Court of Gwinnett County. Plaintiff argues that, because Defendant Rubin Lublin is a citizen of this state, complete diversity does not exist and the removal of the action to this Court was improper.

The removal of state court actions to federal court is governed by 28 U.S.C. § 1441, which provides, in relevant part:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2).

When a state court action is removed pursuant to 28 U.S.C. § 1441, the Court must make an independent determination regarding the appropriateness of removal. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Univ. of South. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("removal jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction" and remand is mandatory when a court determines that it lacks subject

matter jurisdiction, notwithstanding the presence of other motions pending before the court).

The Supreme Court has held that federal courts may not "assume" the presence of subject matter jurisdiction and rule directly on the merits of an action without first finding that jurisdiction exists:

> Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.

*Steele Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (*quoting Ex parte McCardle*, 7 Wall. 506, 514 (1868)). Thus, any ruling made by a federal court that lacks subject matter jurisdiction is a nullity and either party, even the party that invoked the jurisdiction of the court, can attack jurisdiction at any time even after judgment is rendered. *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951) ("To permit a federal trial court to enter a judgment in a case removed without right from a state court where the federal court could not have original jurisdiction of the suit even in the posture it had at the time of judgment, would by the act of the parties work a wrongful extension of federal jurisdiction and give district courts power the Congress has denied them.").

As the party removing the action to federal court, Defendant Nationstar bears the burden of establishing federal jurisdiction over the action. *See Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)*; Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Moreover, in determining whether a defendant has met that burden of establishing that removal is appropriate under 28 U.S.C. § 1441, federal courts must resolve all doubts against removal:

> Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L.Ed. 1214 (1941). Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (*citing Boyer v. Snap-on Tools Corp.*, 913 F.2d 108 (3d Cir. 1990); *Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir. 1983)). A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts.

*University of South. Ala.*, 168 F.3d at 411.

Defendant Nationstar removed this case solely on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See* Notice of Removal [1] at 1-7. Nationstar concedes that, on the face of the Complaint [1-1], there is no diversity of citizenship because both Plaintiff and Defendant Rubin Lublin are Georgia residents. *Id.* at 2-3. Nationstar states in the Notice of Removal, however, that the Court may

ignore the citizenship of Rubin Lublin for the purpose of determining diversity jurisdiction because Rubin Lublin has been fraudulently joined as a defendant in this action. *Id.* at 2-6. Nationstar contends that "[t]here is no possibility that Plaintiff can state a viable cause of action because there are no substantive legal or factual allegations against Rubin Lublin." *Id.* at 4.

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998). The party claiming fraudulent joinder must prove it by clear and convincing evidence. *Stillwell v. Allstate Inc. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). A defendant is fraudulently joined "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Triggs*, 154 F.3d at 1287. In order to determine whether there is any possibility that a plaintiff can state a cause of action, the reviewing court must follow the pleading standards of the forum state. Thus, the Court must follow the pleading standards of Georgia, which sets less stringent pleading requirements than those applied under the federal standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Ullah v. BAC Home Loans Servicing LP*, 538 Fed. App'x 844, 846 (11th Cir. 2013) (unpublished).

> The pleading standard in Georgia is lower than the standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Under Georgia law, fair notice of the nature of the claim is all that is required, and the elements of most claims can be pled in general terms. Pleading conclusions, rather than facts, may be sufficient to state a claim for relief.

*Id.* at 846 (citing *Stillwell*, 663 F.3d at 1334 n.3 ("Georgia has not chosen to adopt the heightened pleading requirements imposed on federal plaintiffs"); *Bush v. Bank of N.Y. Mellon*, 720 S.E.2d 370, 374 (Ga. Ct. App. 2011); *Ledford v. Meyer*, 290 S.E.2d 908, 909–10 (Ga. 1982) (under the notice theory of pleading adopted in Georgia "it is immaterial whether a pleading states 'conclusions' or 'facts' as long as fair notice is given")). In Georgia, therefore, the plaintiff need not plead "a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action" against that defendant. *Triggs*, 154 F.3d at 1287 (emphasis in original).

Under Georgia law, a law firm may be held liable under certain circumstances for its misconduct in conducting or attempting to conduct a wrongful foreclosure sale. *See, e.g., Morgan v. Ocwen Loan Serv., LLC*, 795 F.Supp.2d 1370, 1376–77 (N.D.Ga. 2011); *McCarter v. Bankers Trust Co.*, 543 S.E.2d 755, 756–57 (Ga. Ct. App. 2000); *Ga. Real Estate Finance and Foreclosure Law*, § 8:11 ("A law firm that conducts a wrongful foreclosure may be liable, in certain circumstances, for

damages."); *see also Ullah*, 538 Fed. App'x at 846. In *Racette v. Bank of America, N.A.*, 733 S.E.2d 457, 462 (Ga. Ct. App. 2012), the Georgia Court of Appeals reversed the dismissal of a claim of wrongful foreclosure against both a creditor *and* its foreclosure counsel. In *Racette*, the court held that "the Racettes may be able to demonstrate that the appellees [including foreclosure counsel] breached their duty to conduct the 2011 Foreclosure Sale in a fair manner, and thus may be able to establish the breach-of-duty element of their wrongful foreclosure claim." *Id.* at 464. Thus, to the extent that Nationstar relies on cases that held that law firms acting as agents of the foreclosing bank during the foreclosure process cannot be held liable for tort claims based on an alleged wrongful foreclosure, the Court finds that those cases misstate Georgia law.

In *Ullah*, the Eleventh Circuit reversed a District Court's finding of fraudulent joinder of a foreclosure law firm, holding that the non-diverse law firm was not fraudulently joined because the plaintiff sufficiently alleged collection of excess fees by the law firm and loan servicers even though the plaintiff did not specifically refer to the law firm by name. *See Ullah*, 538 Fed. App'x at 847. Consequently, the *Ullah* court found that the defendants had not established fraudulent joinder and that diversity jurisdiction was lacking; thus, it vacated the district court's order granting the defendants' motions to dismiss and directed a remand of the action. *Id.* Although

11

the *Ullah* case is unpublished and thus not binding precedent, the Eleventh Circuit

reiterated just how steep a hill a defendant must climb to establish fraudulent joinder:

> To establish fraudulent joinder of the non-diverse defendant, the
> removing party must satisfy a "heavy" burden of proving by clear and
> convincing evidence that either: "(1) there is no possibility the plaintiff
> can establish a cause of action against the resident defendant; or (2) the
> plaintiff has fraudulently pled jurisdictional facts to bring the resident
> defendant into state court." The standard for evaluating whether the
> plaintiff can establish a cause of action against the resident defendant is
> very lenient: "federal courts are not to weigh the merits of a plaintiff's
> claim beyond determining whether it is an arguable one under state law.
> If there is even a possibility that a state court would find that the
> complaint states a cause of action against any one of the resident
> defendants, the federal court must find that the joinder was proper and
> remand the case to the state court."

*Id.* at 845-46 (quoting *Stillwell*, 663 F.3d at 1333).

In consideration of this very high standard, the Court finds that Nationstar does

not meet its burden of establishing fraudulent joinder in this case, because the Court

cannot find that there is "no possibility" that Plaintiff can prevail against Rubin

Lublin. Nationstar argues, in its response to the Plaintiff's Motion to Remand, that

"[t]here is no possibility that Plaintiff can state a viable cause of action because there

are no substantive legal or factual allegations against Rubin Lublin." Def. Br. [11]

at 4. According to Nationstar, "Plaintiff's Complaint contains nothing more than

vague conclusions of wrongdoing by 'Defendants,'" and, thus "Rubin Lublin has been

fraudulently joined." *Id.* Nationstar ignores the allegations of the Complaint, however,

12

which include specific claims of wrongdoing by Rubin Lublin, separately from the claims of wrongdoing asserted against Nationstar. *See* Compl. [1–1] at ¶¶ 14-15.

In the Complaint, Plaintiff claims that "Defendant, RUBIN" mailed a Notice of Foreclosure Sale to him, and that the "notice did not comply with Georgia law." *Id.* at ¶ 14. Plaintiff further alleges that "Defendant, RUBIN, advertising the subject property failed to satisfy the mandatory statutory requirements set forth pursuant to O.C.G.A. § 44-14-162.2 as it did not include the entity who had the full authority to negotiate, amend, and modify all terms of the mortgage with the Plaintiffs [sic]," and that the "[f]ailure to comply with the mandatory statutory requirements rendered the non-judicial foreclosure premature and invalid." *Id.* at ¶ 15.

Thus, contrary to Nationstar's argument, Plaintiff specifically alleges in this case that Rubin Lublin violated Georgia law when it sent the Notice of Foreclosure Sale to him and when it advertised the sale of the Property. For that reason, many of the cases cited by Nationstar in its brief are inapposite to this case, because those cases involved plaintiffs who failed to allege that the foreclosure counsel took any action during the foreclosure process that allegedly violated Georgia law. *See* Def. Br. [11] at 4-5; *see, e.g., Grimes v. Nationstar Mortgage, LLC*, Civil Action No. 1:13–CV–3161-ODE, at 4 (N.D.Ga. March 20, 2014) (Evans, J.) (foreclosure law firm fraudulently joined because plaintiff alleged only that the law firm "offered said

property for sale at public outcry to the highest bidder") (attached as Ex. C. [11-3] to Def. Br.); *Ferguson v. Citimortgage, Inc.* 2014 WL 587865, at * 2, No. 1:13-CV-01373-RWS, (N.D. Ga. Feb. 14, 2014) (Story, J.) ("All of Plaintiff's claims relate to CMI's alleged wrongful foreclosure of Plaintiff's Property. However, Pendergast only served as foreclosure counsel and has no independent authority to foreclose."); *Viera v. Citigroup, Inc.*, 2012 WL 6194350 at *5, No. 1:12-CV-1636-TWT (N.D. Ga. Dec. 12, 2012) (Thrash, J.) ("The Plaintiff's allegations against Pendergast only state that Pendergast prepared foreclosure documents and published a notice of foreclosure.").

Plaintiff also claims in the Complaint that "Defendants initiated a non-judicial foreclosure of Plaintiffs' [sic] property without proper acceleration of the indebtedness as required by paragraph 22 of the Security Agreement." Compl. at ¶ 18. He further claims that "Defendants," through their "publishing and circulating untrue and derogatory statements concerning the plaintiff/borrower's financial condition," "placed Plaintiff in a false light before the eyes of others, including potential credit grantors and creditors as well as family, friends and the general public." *Id.* at ¶¶ 39-40. Nationstar argues that Plaintiff's Complaint "contains nothing more than vague conclusions of wrongdoing by 'Defendants.'" Def. Br. [11] at 4. But Nationstar has not cited to any authority holding that, under Georgia pleading standards, the

14

Plaintiff's reference to the "Defendants" collectively rather than to each individual Defendant establishes that there is "no possibility" that the Plaintiff can state a claim against Rubin Lublin under Georgia law. As discussed, in determining whether Nationstar has established that there is "no possibility" that the Plaintiff can state a claim against Rubin Lublin under Georgia law, the Court must apply the more lenient pleading standards of Georgia law rather than the stricter pleading standards of federal law.

Moreover, although Plaintiff has provided little in the way of factual allegations to explain the bases of his claims, the Court must consider that a Georgia court may afford Plaintiff an opportunity to amend his complaint to better state his theory of liability. If anything, the lack of facts weighs against finding fraudulent joinder. The more facts pleaded in a complaint, the more a court may be in a position to assess whether those facts could possibly result in liability. The more a complaint may be seen as a "blank slate," with conclusory legal claims but few supporting facts, the less a court can definitively say that a claim could never succeed, particularly after amendment. Many of the cases cited by Nationstar included more facts that showed, at least in the judgment of those courts, the impossibility of relief. The Court simply cannot find such an impossibility on the current record in this case.

Other judges in this District have held that, when a plaintiff alleges that foreclosure counsel has violated Georgia law in representing a bank during the foreclosure process, the foreclosing law firm has not been fraudulently joined to defeat diversity jurisdiction. *See, e.g.*, *Kiner v. Service First Mortgage, LC*, 2014 WL 3025902, at *2, No. 1:13–CV–03902–RWS (Story, J.) (N.D. Ga. July 2, 2014) ("However, Plaintiff alleges in her Complaint that Pendergast [foreclosure counsel] is a joint wrongdoer under the Georgia Fair Business Practices Act and the Georgia Residential Mortgage Act. She also asserts claims for negligence, conspiracy, and wrongful foreclosure against Pendergast."); *Hammerson v. U.S. Bank. Nat'l Assoc.*, 2014 WL 2531966, at *2, No. 1:13–CV–2983–WSD (Duffey, J.) (N.D. Ga. June 5, 2014) (remanding a case for lack of subject matter jurisdiction on the ground that the foreclosing law firm was not fraudulently joined, when the plaintiff brought claims against both the foreclosing bank and its law firm for wrongful foreclosure, breach of contract, breach of the duty of good faith and fair dealing, and invasion of privacy); *Nembhard v. JPMorgan Chase Bank, N.A.*, 2014 WL 1764708, at *2, No. 1:13–CV–3957–WSD (Duffey, J.) (N.D. Ga. April 29, 2014) ("JPMorgan fails to show that there is no possibility that a Georgia state court could find that Plaintiff adequately plead a viable claim against M & B [foreclosure counsel].").

16

The Plaintiff's claims in this case appear to be similar to the claims asserted by the plaintiff in the *Hammerson* case. *See Hammerson*, 2014 WL 2531966, at *2 (the plaintiff asserted numerous claims against the foreclosing bank and its law firm under Georgia law, including wrongful foreclosure, breach of contract, breach of the duty of good faith and fair dealing, invasion of privacy, trespass, wrongful repossession, conversion and violations of the Georgia Racketeer Influenced and Corrupt Organizations Act (RICO)). In the *Hammerson* case, Judge Duffey concluded that, applying the lenient pleading standards of Georgia law, the foreclosing bank had failed to show that there was "no possibility" that a Georgia state court could find that the plaintiff had adequately pleaded a viable claim against the foreclosing law firm. *Id.* Thus, Judge Duffey concluded, complete diversity did not exist and the court was required to remand the case to the Superior Court of Fulton County because it lacked subject matter jurisdiction. *Id.*

The undersigned agrees with the rationale underlying Judge Duffey's decision in the *Hammerson* case, and similarly finds that Nationstar does not meet the heavy burden of establishing fraudulent joinder in this case. Based on the Plaintiff's allegations against Rubin Lublin in the Complaint, the Court cannot find that there is "no possibility" that Plaintiff can prevail on his claims against Rubin Lublin. This is not to say that Plaintiff has a good possibility of success on his claims against either

Nationstar or Rubin Lublin. Defendant Nationstar may well be correct, and a Georgia court may find, that the Plaintiff's Complaint states no viable claim against Rubin Lublin. But the undersigned is not convinced that Plaintiff has not stated at least an arguable claim against Rubin Lublin under Georgia law.

The bottom line is that some arguable precedent appears to exist on either side of the question, and for that and other reasons explained above, the Court cannot find "clear and convincing evidence" that Rubin Lublin was fraudulently joined in this case. Thus, there is not complete diversity of citizenship and this Court must remand this case on the ground that it does not have subject matter jurisdiction. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Motion to Remand [9] be **GRANTED**, and that this action be **REMANDED** to the Superior Court of Gwinnett County.

In his Motion to Remand, Plaintiff also requests "reasonable attorney's/legal fees and costs incurred in conjunction with preparing the Motion to Remand." Pl. Mot. [9] at 2. Plaintiff does not explain, however, what "legal fees" he incurred in filing the motion. To the extent that Plaintiff is requesting "attorney's fees," because he is proceeding *pro se*, without an attorney, he is not entitled to recover attorney's fees. *See Demido v. Wilson*, 582 S.E.2d 151, 155 (Ga. Ct. App. 2003) ("[a]s a *pro se* litigant who was not an attorney, Demido was not entitled to recover attorney fees"); *JarAllah*

18

*v. American Culinary Federation*, 529 S.E.2d 919, 921 (Ga. Ct. App. 2000) ("*pro se*

litigants who are not attorneys cannot recover attorney fees because of the lack of any

meaningful standard for calculating the amount of the award"). Accordingly, the

undersigned **RECOMMENDS** that Plaintiff's request for "reasonable attorney's/legal

fees and costs" be **DENIED**.

B.    DEFENDANTS' MOTIONS TO DISMISS

On February 20, 2015, Defendant Rubin Lublin filed a Motion to Dismiss [4],

and Defendant Nationstar filed a Motion to Dismiss [7]. The Defendants have moved

to dismiss all of the Plaintiff's claims asserted in the Complaint under Rule 12(b)(6)

of the Federal Rules of Civil Procedure, on the ground that the Plaintiff has failed to

state a plausible claim for relief under any of the legal theories presented in the

Complaint. Because the undersigned finds that this Court lacks subject matter

jurisdiction over this case, and that the case must be remanded to the Superior Court

of Gwinnett County, the undersigned **RECOMMENDS** that the Court decline to rule

on the Defendants' Motions to Dismiss [4][7], so that the motions remain pending for

the Superior Court of Gwinnett County to consider.

C.    PLAINTIFF'S MOTION TO STAY

On April 16, 2015, Plaintiff filed an "Emergency *Ex Parte* Motion to

Stay" [12], requesting a stay of 180 days, on the ground that he has "sustained

irreparable and devastating outcomes stemming from abandonment of counsel." Pl. Mot. [12] at 1. If the District Court adopts the recommendation herein to remand this case, the Plaintiff's request is moot. To the extent that Plaintiff seeks a further stay of the proceedings, that issue will be before the Superior Court of Gwinnett County after remand.

## III.   CONCLUSION AND RECOMMENDATION

Because the undersigned finds that this Court lacks subject matter jurisdiction over this case, **IT IS RECOMMENDED** that Plaintiff's Motion to Remand [9] be **GRANTED**, and this action be **REMANDED** to the Superior Court of Gwinnett County.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO RECOMMENDED** this 13th day of May, 2015.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE